MADDOX, Justice.
This appeal involves a dispute over a contract to sell land. The buyer, Eversole, initially sued the seller, Brice, for breach of contract and sought recovery of $3,200 he had paid to the seller. The buyer later amended his complaint and asked the trial court to grant him specific performance of the contract. The trial court denied specific performance, but did award a judgment for $3,200 to the buyer, and taxed the costs against the seller. We affirm.
The evidence shows that Eversole and Brice agreed in writing, on November 1, 1972, that Eversole would buy two parcels from Brice for $24,500. Eversole paid $200 down, and the balance of $24,300 was due “upon closing which shall be 30 days from today.” Mrs. Brice, wife of the seller, and a joint owner, did not join in the contract. Eversole did not pay the $24,300 by December 1,1972. However, on December 8,1972, Eversole did give Brice $3,000, and Brice executed the following:
“Bay Minette, Alabama December 8, 1972
“Receipt is hereby acknowledged of payment of Three Thousand and No/100 *1109 ($3,000.00) Dollars, by check, on this date, from Bill Eversole, of Emerald Equipment Company, Inc., of Pensacola, Florida. The said sum is to be applied upon the purchase price of:
“two parcels of property now owned by me in Section 19, Township 9 South, Range 3 East, which my wife and I purchased from Nathaniel P. Chesnut, Lois Chesnut and Marian B. Hirsh, and “a third parcel described as Lots 48 and 49, lying in section 21, Township 9 South, Range 2 East, with a cottage thereon and being 100-foot frontage on Mobile Bay.
“/s/ Flois B. Brice_ Flois B. Brice”
Eversole claims that the receipt executed on December 8, added a third parcel to the original contract and gave him an extension of time to make financial arrangements to pay the purchase price. Brice admits receiving the $3,000, but contends it was a binder to be forfeited by Eversole unless he promptly paid the rest of the purchase price.
Two months later Brice informed Ever-sole that the deal was off, and that he was keeping the $3,200. Brice and his wife, from whom he was later divorced, sold parcel one to Paul Riviere, Inc. on June 23, 1973. Riviere was made a defendant but no judgment was rendered against it.
It is apparent that the trial judge’s findings are to the effect that the $3,200 awarded the buyer was not liquidated damages, and that, even though the buyer was not entitled to specific performance, he was entitled to recover for the seller’s breach. Under the facts of this case, we hold that the trial judge’s findings are supported by competent evidence. Vol. 2A, Alabama Digest, Appeal and Error &wkey;931(l), p. 243.
AFFIRMED.
HEFLIN, C. J., and JONES, SHORES and BEATTY, JJ., concur.